UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANDREAS WEITBRECHT, Individually,  :  2008 Civ. 00201 (LAK )
and as ASSIGNEE of the Claim of
BARBARA WEITBRECHT, also known  :  **COMPLAINT**
as BARBARA NEKVEDAVICIUS,
                                   :
                    Plaintiff,    JURY TRIAL DEMANDED
                                   :
    - against -
                                   :
B&H ASSOCIATES OF NY, LLC,
doing business as PRUDENTIAL       :
DOUGLAS ELLIMAN REAL ESTATE,
B&H OF THE HAMPTONS LLC,           :
doing business as PRUDENTIAL DOUGLAS
ELLIMAN REAL ESTATE, DOROTHY       :
HERMAN, and LYNDA IRELAND,
                                   :
                    Defendants.
------------------------------------------------------------X

Plaintiff, by his attorneys, Schnaufer & Metis, LLP, for his complaint alleges:

Jurisdiction and Venue

1.   Jurisdiction for this action is based on the provisions of 28 U.S.C. §1332, pursuant to which the matter in controversy exceeds $75,000.00 and plaintiff is a citizen of a different state than each of the defendants.

1

2. Venue is proper in this Court, generally, under 28 U.S.C. §1391 because defendant Dorothy Herman has a residence in New York County, New York and is the President and CEO of Prudential Douglas Elliman Real Estate which is an assumed name for which a certificate of assumed name is filed in New York County.

**The Parties**

3. Plaintiff is a German national and is domiciled in Germany.

4. Defendant B&H Associates of NY, LLC ("B&H of NY"), is a limited liability company organized under the laws of New York and doing business under the name Prudential Douglas Elliman Real Estate.

5. Defendant B&H of the Hamptons LLC ("B&H Hamptons") is a limited liability company organized under the laws of New York and doing business under the name Prudential Douglas Elliman Real Estate.

6. Defendant Dorothy Herman is a licensed real estate broker in New York and the principal broker for B&H of NY and B&H Hamptons, among other entities, and held at to the public as the President and CEO of Prudential Douglas Elliman Real Estate.

7. Defendant Lynda Ireland is a real estate broker or sales person and an agent of B&H of NY and/or B&H Hamptons in Bridgehampton, New York.

(Defendants Ireland, Herman, B&H of NY and B&H Hamptons are sometimes collectively referred to as the "Prudential Douglas Elliman Defendants").

## FACTS

8. At all times alleged herein, B&H of NY and B&H Hamptons were in the real estate brokerage business in New York and doing business under the name Prudential Douglas Elliman Real Estate.

9. At all times alleged herein, defendant Ireland was a licensed real estate broker or sales person and an employee and/or agent or sales associate of B&H of NY and/or B&H Hamptons.

10. At all times alleged herein, defendant Herman was the principal broker of B&H of NY and B&H Hamptons and held the broker's license for the offices maintained by both B&H of NY and B&H Hamptons.

11. The name "Prudential Douglas Elliman Real Estate" is an assumed name under which defendants B&H of NY, B&H Hamptons, Dorothy Herman and Lynda Ireland do business.

12. At all times alleged herein until September 30, 2005, plaintiff Andreas Weitbrecht was the fee owner of the unimproved lot known as 59 Tansey Lane, Bridgehampton, New York ("59 Tansey Lane").

13. At all times alleged herein and until September 30, 2005, Barbara Weitbrecht ("BW"), also known as Nekvedavicius, was the fee owner of the unimproved lot known as 63 Tansey Lane, Bridgehampton, New York ("63 Tansey Lane"). [For convenience, 59 and 63 Tansey Lane are sometimes collectively referred to herein as the "Lots"].

14. In or about May of 2005, defendant Ireland on behalf of herself, B&H of NY and/or B&H Hamptons, and acting under the broker's license of defendant Herman, all doing business as Prudential Douglas Elliman Real Estate, requested plaintiff and BW to list the Lots for sale with Prudential Douglas Elliman Real Estate.

15. Plaintiff and BW are husband and wife and defendant Ireland represented to plaintiff and BW that the value of each Lot was $385,000.00 and that each Lot should be listed for sale at that value.

16. In or about May 2005, plaintiff and BW listed the Lots for sale at $385,000.00 per Lot with Prudential Douglas Elliman Real Estate as exclusive listing agent and defendant Ireland as selling agent.

17. The listing price for each Lot was originated and represented by defendant Ireland on behalf of herself and the other Prudential Douglas Elliman Defendants to reflect fair market value.

18. On or about June 24, 2005, plaintiff and BW entered into a contract to sell 59 and 63 Tansey Lane to Gregory Konner and Carol Konner for a sales price of $385,000.00.

19. The Lots are contiguous.

20. Separate writings dated on or about May 31, 2005 were prepared on Prudential Douglas Elliman Real Estate letterhead and signed by defendant Ireland setting forth, among other things, the respective purchase prices for 59 and 63 Tansey Lane and identifying defendant Ireland as the exclusive listing agent and selling agent for each transaction.

21. Before any contract of sale was signed by plaintiff or BW, defendant Ireland on or about June 5, 2005, listed each Lot for sale at $589,000.00 on behalf of Carol Konner ("Second Listing").

22. Defendant Ireland was designated as the realtor on the Second Listing alleged in paragraph 21.

23. None of the Prudential Douglas Elliman Defendants informed either plaintiff or BW of the Second Listing or that 59 or 63 Tansey Lane had a fair market value in excess of $385,000.00.

24. On September 13, 2005, plaintiff and BW by counsel delivered their respective deeds to the Lots, received the consideration of $385,000.00 for each

Lot and paid a commission of $23,100.00 for each Lot to Prudential Douglas Elliman Real Estate.

25. Prior to the commencement of this action, BW assigned to plaintiff all her right, title and interest to any claim she has or may have against the Prudential Douglas Elliman Defendants in connection with the listing and sale of 63 Tansey Lane, Bridgehampton, New York.

## COUNT I

26. Each of the Prudential Douglas Elliman Defendants owed a fiduciary duty to plaintiff which included, among other things, undivided loyalty to plaintiff, acting in plaintiff's best interests and disclosing to plaintiff any and all information about the value of 59 Tansey Lane and the representation by any one of the Prudential Douglas Elliman Defendants of any person or entity interested in purchasing 59 Tansey Lane.

27. Each of the Prudential Douglas Elliman Defendants breached its/her respective fiduciary duty to plaintiff by inducing him to accept an offer for the sale of 59 Tansey Lane at $385,000.00 when prior to the time that plaintiff entered into a contract for the sale of 59 Tansey Lane for a consideration of $385,000.00, the Prudential Douglas Elliman Defendants knew that the Lot had a fair market value in excess of $385,000.00 and failed to disclose this fact to plaintiff.

28. Each of the Prudential Douglas Elliman Defendants further breached its/her respective fiduciary duty to plaintiff by failing to disclose to him their dual representation of plaintiff as seller and Carol Konner and/or Gregory Konner as purchaser of 59 Tansey Lane.

29. The breach of fiduciary duty of the Prudential Douglas Elliman Defendants caused plaintiff to sell 59 Tansey Lane at a price well below fair market value and was a flagrant and calculated breach of trust.

30. The Prudential Douglas Elliman Defendants are jointly and severally liable to plaintiff for the return of the commission paid by plaintiff of $23,100.00, damages in an amount equal to the difference between $385,000.00 and the fair market value of 59 Tansey Lane at or about the time plaintiff became bound to sell 59 Tansey Lane for a price of $385,000.00, which fair market value will be determined at trial.

### COUNT II

31. Defendant Ireland on behalf of the Prudential Douglas Elliman Defendants in May 2005 represented to plaintiff that the fair market value of 59 Tansey Lane was $385,000.00.

32. Defendant Ireland acting for the Prudential Douglas Elliman Defendants knew at the time that she made the representation that it was false and that 59 Tansey Lane had a fair market value in excess of $385,000.00.

33. Defendant Ireland acting for the Prudential Douglas Elliman Defendants knowingly made the false representation to plaintiff for the purpose of deceiving him and thereby intentionally and flagrantly violated the fiduciary duty owed to plaintiff.

34. Plaintiff believed that the representation of Defendant Ireland alleged above, acting on behalf of the Prudential Douglas Elliman Defendants, was true and acted in reliance upon it and to his detriment by selling 59 Tansey Lane for a price of $385,000.00.

35. Plaintiff has been damaged in an amount equal to the difference between $385,000.00 and the fair market value of 59 Tansey Lane at or about the time plaintiff became bound to sell 59 Tansey Lane for a price of $385,000.00, which fair market value will be determined at trial.

### COUNT III

36. Each of the Prudential Douglas Elliman Defendants owed a fiduciary duty to plaintiff's assignor, BW, which included, among other things, undivided loyalty to BW, acting in BW's best interests and disclosing to BW any and all

information about the value of 63 Tansey Lane and the representation by any one of the Prudential Douglas Elliman Defendants of any person or entity interested in purchasing 63 Tansey Lane.

37. Each of the Prudential Douglas Elliman Defendants breached its/her respective fiduciary duty to BW by inducing her to accept an offer for the sale of 63 Tansey Lane at $385,000.00 when prior to the time that BW entered into a contract for the sale of 63 Tansey Lane for a consideration of $385,000.00, the Prudential Douglas Elliman Defendants knew that the Lot had a fair market value in excess of $385,000.00 and failed to disclose this fact to BW.

38. Each of the Prudential Douglas Elliman Defendants further breached its/her respective fiduciary duty to BW by failing to disclose to BW their dual representation of BW as seller Carol Konner and/or Gregory Konner as purchaser of 63 Tansey Lane.

39. The breach of fiduciary duty by the Prudential Douglas Elliman Defendants caused BW to sell 63 Tansey Lane at a price well below fair market value and was a flagrant and calculated breach of trust.

40. The Prudential Douglas Elliman Defendants are jointly and severally liable to plaintiff as Assignee of BW for the return of the commission paid by BW of $23,100.00, damages in an amount equal to the difference between $385,000.00

and the fair market value of 63 Tansey Lane at or about the time BW became bound to sell 63 Tansey Lane for a price of $385,000.00, which fair market value will be determined at trial.

## COUNT IV

41. Defendant Ireland on behalf of the Prudential Douglas Elliman Defendants in May 2005 represented to plaintiff for the benefit of BW that the fair market value of 63 Tansey Lane was $385,000.00.

42. Defendant Ireland acting for the Prudential Douglas Elliman Defendants knew at the time that she made the representation that it was false and that 63 Tansey Lane had a fair market value in excess of $385,000.00.

43. Defendant Ireland acting for the Prudential Douglas Elliman Defendants knowingly made the foregoing false representation for the purpose of deceiving BW and intentionally and flagrantly violated the fiduciary duty owed to BW.

44. BW believed the representation of Defendant Ireland alleged above, acting on behalf of the Prudential Douglas Elliman Defendants, was true and acted in reliance upon it and to her detriment by selling 63 Tansey Lane for a price of $385,000.00.

45. BW has been damaged in an amount equal to the difference between $385,000.00 and the fair market value of 63 Tansey Lane at or about the time BW became bound to sell 63 Tansey Lane for a price of $385,000.00, which fair market value shall be determined at trial.

WHEREFORE, plaintiff demands judgment against the Prudential Douglas Elliman Defendants, jointly and severally, as follows:

A. On Count I, $23,100.00, plus damages in an amount equal to the difference between $385,000.00 and the fair market value of 59 Tansey Lane on or about June 24, 2005, together with interest thereon.

B. On Count II, damages in an amount equal to the difference between $385,000.00 and the fair market value of 59 Tansey Lane on or about June 25, 2005, together with interest thereon.

C. On Count III and as Assignee of the claim of BW, $23,100.00, plus damages in an amount equal to the difference between $385,000.00 and the fair market value of 63 Tansey Lane on or about June 25, 2005, together with interest thereon.

D. On Count IV and as Assignee of the claim of BW, damages in an amount equal to the difference between $385,000.00 and the fair market value of

63 Tansey Lane on or about June 25, 2005, together with interest thereon, and punitive damages to be determined at trial.

    E.    Punitive damages to be determined at trial.

    F.    The cost and disbursements of this action, together with such other and further relief as this Court may deem just and proper.

Dated: Hartsdale, New York
       January 9, 2008

                              SCHNAUFER & METIS, LLP

                              By: *John C. Schnaufer*
                              JOHN C. SCHNAUFER (0220)
                              Attorneys for Plaintiffs
                              280 North Central Avenue, Suite 200
                              Hartsdale, New York 10530
                              (914) 288-9700